UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES SCOTT, )  | |
|       PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 07-CV-464-FHM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security Administration, ) | |
|       DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff's Application for Award of Costs and Attorney Fees [Dkt. 27] is before the Court for decision. Plaintiff seeks an award of attorney fees in the amount of $3,797.70 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff's attorney, Michael D. Clay, requests that he be awarded the attorney fees, stating that Plaintiff has signed a fee agreement assigning EAJA fees to the attorney. [Dkt. 27, p. 2]. The Commissioner has responded to Plaintiff's motion in which he does not object to the amount of fees sought by Plaintiff but does object to counsel's request that the fees be paid directly to the attorney. [Dkt. 29].

The undersigned finds that Plaintiff should be awarded EAJA fees in the amount of $ 3,797.70. Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007)(the award of EAJA attorney's fees is to claimant and not to the attorney). The existence of an assignment is a collateral matter which does not overcome the clear EAJA mandate that the award is to Plaintiff as the prevailing party. *See Hall v. Astrue*, 2008 WL 905218 (10th Cir. April 4, 2008) (private contractual matter between counsel and plaintiff is a collateral matter which the district court was not required

to address in EAJA order), *Brown v. Astrue*, 2008 WL 822267 *2 (10th Cir. March 27, 2008) (assignment of right in fee award to counsel does not overcome the clear EAJA mandate that the award is to the client as prevailing party).[1]  If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Plaintiff's Application for Attorney's Fees and Expenses Under the Equal Access to Justice Act [Dkt. 27] is GRANTED as provided herein.

SO ORDERED this 1st day of April, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court issued an identical ruling in a previous case in which Michael D. Clay requested that EAJA fees be paid directly to him pursuant to a fee assignment. [Case No. 07-cv-74-FHM, Dkt. 27].